Hibbard, P. J.
This is an action of tort, damages being sought for personal injuries sustained by the plaintiff due to an alleged defect in the sidewalk in the defendant city. The answer is a general denial and a plea of contributory negligence.
The report presents a number of difficulties.
It contains the usual statement “This report contains all the evidence material to the questions reported”. In the report proper there is a recitation of evidence ‘ ‘ tending to show” that the plaintiff went to a store on Main Street in the City of Holyoke to make a purchase; that after making such purchase she came out of said store onto the sidewalk, took three or four steps in the direction of her baby carriage and then stepped into a hole or depression approximately twelve inches long, about six inches *503 wide and two and one-half inches deep; that as a result she fell and sustained personal injuries. A witness described the defect as being one foot long, seven inches wide and five inches deep and testified she saw the plaintiff’s foot go into the hole. Another witness testified that the defect was about six inches square and two and one-half inches deep and it existed for years before the accident.
At the close of the evidence for the plaintiff, the defendant rested. The plaintiff then seasonably filed three requests for rulings which were of the following tenor: .
“1. If the Court finds that there was a two and one-half (sic) rise the plaintiff is entitled to recover.
“2. If the Court finds that there was a depression of two and one-half inches the plaintiff is entitled to recover.
‘ ‘ 3. The plaintiff is entitled .to recover whether there was a two and one-half inch rise or depression in the sidewalk. ’ ’
The report then proceeds as follows:
“The Court found the following facts and found for the defendant:
“This is an action of tort for injuries received on July 24th, 1937, by reason of an alleged defect in the sidewalk on Main Street in the defendant city.”
Then follows a recitation of the testimony given by the plaintiff in many respects differing from the recited testimony first above set forth.
After such recitation the report continues:
“The defendant offered no evidence.
“I do not accept the evidence of the witnesses, Lindenbaum v. New York, N. H. & H. R. R. Co., 197 Mass. 314.
“From the evidence I was and am still much confused as to whether the plaintiff stepped in a hole or stumbled upon a ‘bump’ or ridge between two depressions in the sidewalk. I cannot believe that a hole as described of either depth had existed on one of the busiest'streets of Holyoke for over four years.
“I find for the defendant.”
*504 It should be said at the beginning that the recitation of evidence should be a part of the report but that the decision of the trial judge ought properly to be largely confined to a finding of facts. In this report we find two recitations differing to a considerable degree. The only findings which appear are as to the nature of the action, the failure of the defendant to offer evidence, the disbelief by the trial judge of all the evidence and then a statement as to •his mental confusion both at the time of the trial and the filing of his decision as to what actually did happen to ■ the plaintiff. This is followed by a naive statement as to his personal belief that a hole such as described by the plaintiff and her witnesses could not have existed on one of the busiest streets of Holyoke for over four years.
If we were to deal with this decision and interpret the words with strict literalness, we should be compelled to hold that a new trial must be granted for a trial judge cannot close a case in a confused mental condition. It is his responsibility to decide as between conflicting statements or as to the truth or falsity of the evidence offered. If he is unable to come to a decision it would be his duty to grant a new trial and let the case be heard by another justice. Moreover, it is indisputable that the opinion of the trial judge as to the existence or non-existence of a defect in a sidewalk must be based upon the evidence rather than upon his" conception of whether or not such a defect could have existed on a busy street for a period of time.
However it appears to us that the plaintiff failed to show liability. Moreover, none of the requested rulings are correct statements of law. The existence of a raised or depressed area in a sidewalk is not by and of itself a defect for which a municipality is liable. It must have existed for a sufficient length of time so that the officials of the municipality should have discovered it or that it had been *505 called to the attention of such officials and they have neglected to make the necessary repairs. Moreover the trial judge had a right to disbelieve all the testimony and thereby have justified a finding that the burden of proof had not been sustained. It is our opinion that the trial judge by his finding, however inaptly phrased, intended to state that he disbelieved all the witnesses and found for the defendant because the plaintiff had not sustained the burden of proving that her injuries were due to a defect in the sidewalk for which the defendant was responsible. To hold otherwise would be to interpret the statement of the trial judge in such a manner as to make an absurdity of his finding.
The court did not pass upon the requested rulings, Under the circumstances it must be held that such failure to act constituted a denial of the same. We find no prejudicial error in such denial and further that the court was warranted in finding for the defendant upon the evidence submitted by the plaintiff.